## J. B. Scott v. Joney Jones.

(Filed July 30, 1898.)

1. REPLEVIN—*Affidavit—Averments*. The provisions of article 5, c. 67, St. 1893, stating what averments shall be made in an affidavit in replevin, are jurisdictional, and must be complied with. It is *held*, however, that an affidavit which omits the statement that "the property had not been seized by virtue of an order of delivery issued under this article" is sufficiently complied with by an averment in the affidavit that the property had not been taken under execution "by an order of the court."

2. SAME—*Bill of Particulars in Justice Court*. The bill of particulars 'n replevin before the justice of the peace not having stated that the plaintiff was entitled to the immediate possession of the property, or that the defendant wrongfully detained it, and the affidavit in replevin having been adequate, and no exception having been taken before trial to the insufficiency of the bill of particulars, to s court will not hold that the omission of those statements from the bill of particulars was jurisdictional, so that the jurisdiction of the court may be taken advantage of in this court.

(Syllabus by the Court.)

*Error from the District Court of Custer County; before John C. Tarsney, District Judge.*

*Blake & Blake,* for plaintiff in error.

*McKnight & Hunt* and *R. B. Forrest,* for defendant in error.

### STATEMENT OF FACTS.

An action by Joney Jones against J. B. Scott. Judgment for plaintiff, and defendant brings error. Affirmed.

This case was begun on the 24th day of November, 1896, before a justice of the peace of Custer county, by the filing of an affidavit in replevin, the property therein described being a black mare. The evidence showed that, some time prior to the beginning of the action, the defendant, Scott, had commenced an action of replevin before a justice of the peace of D county, to recover from Cathey the possession of the same animal, and had caused an order of delivery to be issued in the action, and, by virtue of that order of delivery, had caused the animal to be taken into the possession of the proper officer, and delivered to the defendant, Scott; that, at the time of the beginning of this action, the defendant had possession of the animal under and by virtue of the order of delivery issued by the justice of the peace in D county; and that, while the action was pending and undisposed of, the plaintiff in this case, the defendant in error here, made an alleged purchase of the animal from Cathey in the replevin action in D county. The affidavit in replevin filed by Jones in this case pursued the language of the statute (article 5, ch. 67, Statutes of 1893) except that it wholly omitted to state that "the propery had not been seized by virtue of an order of delivery issued under this

article," the statement of the affidavit being that "it was not taken in execution on any order or judgment against said plaintiff, or for the payment of any taxes, fine, or amercement assessed against him, or an order of the court under any other mesne or final process issued against the plaintiff." Afterwards, and before trial, the plaintiff's bill of particulars was filed. It wholly failed to allege that the plaintiff was entitled to the possession of the animal, or that the the defendant wrongfully detained her, but in lieu thereof merely said that the "defendant has taken, without right or authority of law, one black mare," etc., without stating from whom it was taken. An allegation of damages was also made, and a prayer for judgment for the property, with costs of the action. Upon trial before the court, the possession of the animal was adjudged to the plaintiff.

Opinion of the court by

McAtee, J.: Under adequate averments in the motion for a new trial and petition in error, the case is argued in the brief of plaintiff in error upon the grounds of (1) the insufficiency of the affidavit to confer jurisdiction, and of (2) the inadequacy of the bill of particulars. Upon the first proposition, the affidavit does not expressly state in specific terms and in the very language of the statute that "the property had not been seized by virtue of an order of delivery issued under this article." Yet it did state, in addition to the other statutory averments which are required in the affidavit of replevin, that "the property was not taken on execution by any order of the court." And it is held by the court here that, since "an order of delivery issued under this article" is "an order of the court," the omitted clause is adequately cov-

ered by the language of the plaintiff used in the replevin action, and that any "order of the court" includes "an order of delivery issued under this article," and satisfies the demands of the statute, and is adequate to confer jurisdiction. It is further argued that the bill of particulars was inadequate to support the action, inasmuch as it contained no averment that the plaintiff was entitled to the immediate possession of the property, or that the defendant wrongfully detained it, and that these are material averments, for the absence of which the judgment will be reversed. This action was begun in a justice of the peace court. No exception was made to the bill of particulars prior to the trial. We have held that the affidavit in replevin was adequate to confer jurisdiction, and the insufficiency of the bill of particulars will not be held to avail the defendant upon appeal, no exception having been made to it prior to the trial. The judgment of the district court is therefore affirmed.

Tarsney, J., having presided in the court below, not sitting; all of the other Justices concurring.